IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 24 2008
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) 4:08-CV-3127 BSM<br>) |
| v. | ) COMPLAINT<br>) |
| ROCK-TENN COMPANY, | ) JURY TRIAL DEMAND<br>) |
| Defendant. | ) |

This case assigned to District Judge Miller
and to Magistrate Judge Young

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Cynthia Brown and other former female employees. Ms. Brown and other females were discriminated against by Defendant by being subjected to sexual harassment caused by the inappropriate sexual actions, overtures, and behavior of a co-worker. Defendant knew or should have known that the harassment was occurring and failed to take proper remedial action against the harasser. Ms. Brown was subsequently forced to resign due to the ongoing sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) and §706 and §707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII").

1

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Western Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f).

4. At all relevant times, Defendant, Rock-Tenn Company, Rock-Tenn Company Folding Carton Division ("Defendant Employer") has continuously been a Georgia Corporation doing business in the State of Arkansas and the City of Conway and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Cynthia Brown filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January of 2007, Defendant Employer has engaged in unlawful employment practices at its Conway, Arkansas facility in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a). The unlawful practices include, but are not limited to, the sexual harassment of Cynthia Brown and a class of females and the constructive discharge of Cynthia Brown.

8.  The effect of the practices complained of above has been to deprive Cynthia Brown and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

9.  Beginning in January of 2007, Ms. Brown was sexually harassed by a male co-worker. The company failed to take proper remedial measures to protect Ms. Brown from the frequent and pervasive sexual harassment.

10. The harassment of Ms. Brown included, but was not limited to, sexual touching, sexual comments, requests for sexual favors, and other unwelcome conduct of a sexual nature.

11. It was also determined that the male co-worker sexually harassed a class of female employees. The company failed to take proper remedial measures to protect the class of females from the frequent and pervasive sexual harassment.

12. The harassment of the class of females included, but was not limited to, sexual touching, sexual comments, requests for sexual favors, and other unwelcome conduct of a sexual nature.

13. Ms. Brown complained about the harassment as required by Defendant's sexual harassment policy. Defendant failed to take appropriate remedial measures to protect Ms. Brown and other female employees from sexual harassment.

14. Because the male co-worker continued to harass Ms. Brown, even after she had complained about the conduct to Defendant, Ms. Brown was forced to resign. Defendant failed to take appropriate corrective action to protect Ms. Brown from the ongoing harassment.

15. The unlawful employment practices complained of above were and are intentional.

16. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Cynthia Brown and a class of females.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Cynthia Brown and other females who were subjected to Defendant's discriminatory practices by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement or placement in an appropriate position.

D. Order Defendant Employer to make whole Cynthia Brown and a class of females by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Cynthia Brown and other females who were subjected to Defendant's discriminatory practices by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of above, including

emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Cynthia Brown and other females who were subjected to Defendant's discriminatory practices punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

G.  Order Defendant Employer to pay Cynthia Brown all the relief to which she is entitled for Defendant's illegal act of subjecting her to constructive discharge.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**RONALD S. COOPER**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

F. Williams/by GVAz

**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Memphis District Office
1407 Union Avenue, Ste. 901
Memphis, Tennessee 38104
(901) 544-0088

_[signature]_

**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
Arkansas Bar No. 88081

_[signature]_

**PAMELA B. DIXON**
Senior Trial Attorney
Arkansas Bar No. 95085

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
Telephone:   (501) 324-5539
               (501) 324-5065