IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**                                                                        **PLAINTIFF**

v.                   Case No. 4:08-CV-3127 BSM

**ROCK-TENN COMPANY**                                                  **DEFENDANT**

**ORDER**

Rock-Tenn moves [Doc. Nos. 40, 42] to reconsider the order denying summary judgment [Doc. No. 39]. The Equal Employment Opportunity Commission (EEOC) objects. The EEOC also moves [Doc. No. 46] to amend its complaint to drop a "pattern and practice" claim. For the reasons set forth below the motion to reconsider is GRANTED IN PART and DENIED IN PART. The motion to amend is DENIED.

Rock-Tenn argues that the EEOC has failed to present evidence sufficient to take a "pattern or practice" claim to a jury. In response, the EEOC has moved to amend its complaint to drop this particular claim. If the motion to amend were granted, it would prevent Rock-Tenn from needing to litigate the "pattern or practice" claim but it would not provide Rock-Tenn with a final decision on the issue. In light of the arguments presented in the motion to reconsider, the EEOC's failure to respond to those arguments, and its decision to amend its complaint to drop the issue, the motion to reconsider is GRANTED. Summary judgment is GRANTED in favor of Rock-Tenn on the "pattern or practice" claim. The EEOC's motion to amend its complaint is DENIED.

Rock-Tenn asks for reconsideration on Cynthia Newport's hostile work environment

claim based on the factual mistake that Newport actually complained to Rock Tenn. The EEOC does not present any evidence in its response. Because there is no evidence that Newport ever complained to management, the motion to reconsider is GRANTED and summary judgment is GRANTED on Cynthia Newport's claims.

Rock-Tenn also rightly points out to another factual mistake in the order denying summary judgment. In that order, Yvonne Dorris was listed as one of the two women who complained after Birch's disciplinary warning. It was rather Beatrice Wiley and Sherry Hearst who complained. Despite this mistaken identification, the important fact is that two women complained of continued sexual harassment after Birch's September 7, 2007, disciplinary warning. Rock-Tenn allegedly took no action in response to these additional complaints, which creates a triable issue of fact over whether Rock-Tenn took reasonable steps to prevent sexual harassment to each of the identified women. This creates a triable issue of fact for each of the women involved and not simply the two women who subsequently reported harassment is because it is evidence that Rock-Tenn did not take seriously its September 7, 2007, disciplinary warning and that the warning was not reasonably calculated to prevent sexual harassment in the workplace.

As to the individual hostile work environment claims, each of the remaining women has presented triable issues of fact sufficient for a jury to hear their claims and determine whether the harassment altered a term or condition of their employment. Even when considered individually each of the remaining women has set out a hostile work environment

claim against Rock-Tenn. The motion for reconsideration on the hostile work environment claims is DENIED.

Finally, Rock-Tenn asks for reconsideration of the order denying summary judgment on Cynthia Brown's constructive discharge claim. In support of its motion, Rock-Tenn cites *Alvarez v. Des Moines Bolt Supply*, 626 F.3d 410 (8th Cir. 2010). Rock-Tenn argues that based on the holding in *Alvarez*, it is impossible for Brown to make out a constructive discharge claim because she did not notify Rock-Tenn about continued harassment after Birch's September 7, 2007, warning. While it is true that an employee is not constructively discharged if she quits without giving her employer an opportunity to work out the problem, there is evidence that Rock-Tenn knew that Birch continued to harass women after his September 7, 2007, warning. Although this notice did not come directly from Brown, it is still evidence that Rock-Tenn knew it needed to take additional action to protect Brown from sexual harassment and failed to do so. If Rock-Tenn knew that Birch was still harassing women in the work place and failed to act, it simply ignored the reasonable opportunity it had to correct the problem. This could allow a reasonable juror to conclude that Brown resigned as the result of intolerable working conditions that Rock-Tenn either knew of or should have reasonably foreseen.

Brown's case is clearly distinguishable from *Alvarez*. In *Alvarez*, the company took some, albeit delayed action in every instance of reported harassment. Additionally, in that case the new and unreported harassment against Alvarez came from a completely different

person. Here there is evidence that Rock-Tenn refused to take action after renewed reports of harassment from the individual it had just reprimanded. Moreover, Rock-Tenn knew that a number of women had been harassed by that same individual. There is evidence that it failed to take any action to protect either the women who reported continued harassment or the women, like Brown, who it may have known were in continued danger. These issues are best left to the jury.

Because there is evidence that Rock-Tenn either knew or should have known of continued harassment against Brown after her initial reports, Rock-Tenn's motion for reconsideration of the constructive discharge claim is DENIED.

For the reasons set forth above, Rock-Tenn's motion for reconsideration [Doc. Nos. 40, 42] is GRANTED in part and DENIED in part. The EEOC's motion to amend [Doc. No. 46] is DENIED.

IT IS SO ORDERED this 16th day of June 2011.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE