FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

AUG 0 1 2011

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

U. S. EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                        )
                Plaintiff,       )
                                        )
                v.                )
                                          )
ROCK-TENN COMPANY                  )
                                        )
                Defendant.        )

Civil Action No.
08-CV-3127

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (Commission or EEOC) filed this lawsuit against Defendant Rock-Tenn Company (Defendant or RockTenn) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII), and the Civil Rights Act of 1991, 42 U.S.C. §1981a.  In its Complaint, the Commission alleges that Defendant subjected female employees to sexual harassment. In addition, the Commission alleges that Defendant knew or should have known that the harassment was occurring and failed to take proper remedial action against the harasser.  Further, the Commission alleges that Defendant forced one of the employees to resign.

If this proposed Consent Decree is not approved or does not become final, then the parties shall not attempt to admit it in evidence in any subsequent proceeding in this action.  This Decree shall not be admissible in any other civil actions other than actions arising out of the rights and obligations of the parties under this Decree.

Defendant denies that it has at any time or in any manner violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII), and the Civil

Rights Act of 1991, 42 U.S.C. §1981a.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations and the statements of counsel for all parties and hereby approves the Consent Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

1.     The United States District Court for the Eastern District of Arkansas, Western Division, has jurisdiction over the parties and subject matter of this litigation.

2.     This Consent Decree resolves all issues and claims arising out of the Commission's Complaint in this cause alleging unlawful employment practices maintained by the Defendant and arising out of Charge No. 493-2007-02357 filed by a Charging Party with the Commission.  Notwithstanding any provisions contained in this Decree, this Agreement shall not be considered in any manner to be dispositive of any charges now pending before any office of the Commission other than Charge No. 493-2007-02357.

3.     The provisions of this Consent Decree shall continue to be effective and binding upon the parties to this action for a period of two years from the date of the entry of this Decree.

4.     No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing and signed by both parties.  No representations or inducements to compromise this action have been made other than those recited or referenced in this Consent Decree.

INJUNCTION

5.     Defendant, its officers, agents, management, (including supervisory

2

employees), successors, and assigns are enjoined from discriminating against employees at its Conway, Arkansas facility on the basis of sex.

## NON- RETALIATION

6.      Defendant, its officers, agents, management, (including supervisory employees), successors, and assigns shall not engage in any form of retaliation against any employee for engaging in protected activity as defined by Title VII of the Civil Rights Act of 1964, as amended.

## TRAINING

7.      Defendant shall provide sexual harassment awareness training to all personnel at its Rock Tenn facility in Conway, Arkansas.

(a)      An outside Human Resources Expert or Attorney who is knowledgeable about sexual harassment in the workplace and has experience in labor and employment law will provide the training.

(b)      The training session will include at least three hours of instruction.

(c)      The training will include the following topics: what constitutes sexual harassment; how to prevent, identify, and remedy sexual harassment; and the responsibilities of a supervisor or manager once sexual harassment has been reported to him or her.

(d)      At the conclusion of the training session, each manager and supervisor will sign a statement affirming that:

(i)      they received the training;

(ii)      they understand it is unlawful to discriminate on the basis of sex;

(iii)      they understand their responsibilities if a complaint of sexual

3

harassment is made to them;

    (iv)    their failure to follow company policy may subject the company to liability;

    (v)    their failure to follow company policy may result in discipline up to and including discharge.

(e)    At the conclusion of the training session, all non-supervisory employees will sign a sign-in sheet to indicate they attended the training session.

(f)    Make-up sessions will be held for non-management employees until such time as all non-management employees have received the training.

8.    Defendant will conduct the training sessions within 90 days after the date of the entry of this Consent Decree by the Court.

9.    As per Defendant's policy and practice, whenever a new supervisor, manager, or employee is hired, Defendant will require them to read and sign a copy of Defendant's sexual harassment policy (electronic or otherwise according to Defendant's normal processes) and give them a copy of the policy.

REPORTING

10.    Defendant will provide two reports to the EEOC following entry of this Decree. Each report will describe all complaints of sexual harassment at the Conway RockTenn facility, describe the investigation conducted by Defendant in response to each complaint, and indicate how the complaint was resolved.

11.    In the event that there is a complaint of sexual harassment, Defendant will retrain all of the parties involved in the complaint on the requirements of Title VII with regard to sexual harassment.

4

12.     Each report will describe any additional training of Defendant's supervisors and managers in the requirements of Title VII of the Civil Rights Act of 1964 with regard to sexual harassment.

13.     Each report will also include a certification by Defendant that the notice required to be posted pursuant to Section VII of this Decree remained posted during the 6 month period preceding the report.

14.     Each report will also contain a certification by Defendant that the training required under this Decree has been completed or explanation or a status report otherwise.

15.     Defendant will submit the first report within 12 months of entry of the Decree. Defendant will submit the second report within 23 months of entry of the Decree.

16.     For all reporting required pursuant to this Decree, Defendant shall report in writing to the Regional Attorney of the Commission's Memphis District Office after the requirements herein have been met.

## POSTING OF NOTICE

17.     Defendant shall conspicuously post the notice (poster) required to be posted by Title VII of the Civil Rights Act of 1964, as amended.

18.     Defendant shall conspicuously post the notice at Appendix A of this Decree for a two year period commencing within ten days after entry of this Decree by the Court. The notice shall be in the same typeface and size as Exhibit A and shall be on company letterhead.

## INDIVIDUAL RELIEF

19.     Defendant agrees to expunge the personnel records of females in this case of any potentially unfavorable or adverse personnel comments regarding any aspect of

5

their employment with Defendant.  Defendant shall expunge from these employment records any reference to the charge of discrimination or the litigation of the matter.

20.     Defendant will pay a total of $160,000 in full settlement of the claims of females in this case in accordance with instructions from the Commission concerning how much each person will be paid.  The Commission will notify the Defendant of the amount of monetary relief which will be paid to each individual and the address to which to send the checks within five days of the entry of the Decree.  Payment will then be made to the Charging Party and each claimant by Defendant within 15 days of notification by the Commission.

21.     Defendant will individually issue the Charging Party a W-2 for the back pay amount.

22.     Defendant will individually issue the Charging Party and each claimant a 1099 form for the compensatory damages amounts.

23.     Late payment of the checks shall be subject to the accrual of interest pursuant to 28 U.S.C. §1961.

24.     Defendant agrees to provide a neutral reference to any potential employers of the Charging Party and class members who request a job reference.  Any such neutral reference shall be identical to the form demonstrated in Exhibit B.  No mention of the charge of discrimination or this litigation will be made as part of the neutral reference. All requests for references shall be directed to Robert McIntosh, Executive Vice-President and General Counsel, Rock-Tenn Company, 504 Thrasher Street, Norcross, GA  30071.

## MISCELLANEOUS PROVISIONS

25.     For the period of the duration of the Consent Decree, and prior to any sale of

Defendant's Conway, Arkansas facility, Defendant agrees to provide written notice to

any potential purchaser and to any other potential successor of the Commission's

lawsuit, the allegations raised in the Commission's Complaint, and the existence of the

Consent Decree and contents and obligations of the settlement.

26.     Any notice by the Commission regarding the provisions of this Decree shall be

mailed to Robert McIntosh, Executive Vice-President and General Counsel, Rock-Tenn

Company, 504 Thrasher Street, Norcross, GA  30071.

27.     If Defendant fails to comply with the terms of this Decree, the Commission has a

right to enforce the obligations under the Decree.  The Commission will provide ten

days notice to Defendant of any deficiency in complying with the terms of the Decree.  If

the parties are unable to reach agreement regarding resolution of any such deficiency in

Defendant's compliance with the terms of the Decree, the Commission will then have

the option of petitioning the Court for relief.

28      Plaintiff and Defendant shall bear their own costs, including attorneys' fees.


SO ORDERED THIS  1st  DAY OF  August , 2011.


BRIAN S. MILLER
UNITED STATES DISTRICT JUDGE


7

**COUNSEL FOR PLAINTIFF**

**P. DAVID LOPEZ**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney

**JOSEPH M. CROUT**
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN  38104
(901) 544-0088
(901) 544-0138

**PAMELA B. DIXON**
Senior Trial Attorney

**MARKEISHA K. SAVAGE**
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone:   (501) 324-5065
(501) 324-6474

**COUNSEL FOR DEFENDANT**

**ROBERT MCINTOSH**
Executive Vice-President and
General Counsel
Rock-Tenn Company
504 Thrasher Street
Norcross, GA  30071

8

## EXHIBIT A

## NOTICE

1.    This Notice to all employees of Rock-Tenn Company (RockTenn) is being posted as part of an agreement between RockTenn and the Equal Employment Opportunity Commission in resolving a lawsuit.  The lawsuit alleged that a coworker subjected female employees to sexual harassment.  RockTenn denied these allegations.

2.    To resolve this case, RockTenn and the Commission have entered into a consent decree which provides, among other things, that:

   a.    RockTenn has paid monetary relief to four individuals;
   b.    RockTenn has agreed to train its supervisors, managers, and hourly employees on the prevention and reporting of sexual harassment in the workplace

3.    Title VII of the Civil Rights Act of 1964, as amended, is a federal law that provides that it shall be an unlawful employment practice for an employer to discriminate against any individual because of such individual's sex.

4.    RockTenn will comply with Title VII in all respects and will not retaliate against employees because they have opposed employment practices made unlawful by Title VII or exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission, or because they testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

5.    If you believe that you have been discriminated against because of your race, or due to retaliation, you may contact the Equal Employment Opportunity Commission (EEOC) at the following national toll free number: 1-800-669-4000.  If you have a TTY device for hearing impaired:  TTY Number is 1-800-669-6820.  You may also contact the EEOC's Little Rock Area Office at the following number: 1-501-324-5014 (TTY)

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This notice must remain posted for two years from the date below, and must not be altered, defaced, or covered by any material.

_____
Rock-Tenn Company

## EXHIBIT B

Date

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of
_____ while employed at Rock-Tenn Company.

_____ worked at Rock-Tenn Company as a _____from _____
through _____.   Company policy does not permit us to give out any
more information concerning _____'s employment.

Very truly yours,

Rock-Tenn Company

10